UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID DANIELS,

    Plaintiff,

v.     Case No: 2:16-cv-657-FtM-99MRM

KEVIN J. RAMBOSK,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff, an inmate at the Collier County Jail in Collier County, Florida, initiated this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1, filed August 26, 2016). Along with his complaint, Plaintiff filed a motion to proceed *in forma pauperis* (Doc. 2).

Because Plaintiff seeks to proceed *in forma pauperis*, the Court must review his complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). For the reasons set forth in this Order, the complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.  Complaint

Plaintiff alleges the following: On August 12, 2016, while incarcerated at the Naples Jail Center, Officer Kelly and two county maintenance workers removed Plaintiff from his cell (Doc.

1 at 5). The workers then "grinded and welded the bunks" in Plaintiff's cell. Id. After they were finished working, Plaintiff was returned to his cell "which smelled of toxins, grinded, and burnt metal." Id. There were no exhaust fans and the inmate's complaints were ignored. Id. Later, the inmates had to eat dinner in their cells. Id. at 6.

The following day, Plaintiff experienced chest pains and filled out a sick call request (Doc. 1 at 6). On August 17, 2016, a nurse examined Plaintiff, but checked only his vitals, blood pressure, temperature, and heart rate. Id. The nurse did not listen for congestion or look for phlegm in Plaintiff's throat. Id. Instead, the nurse told Plaintiff that he was not congested, and found nothing wrong with him. Id. She offered Plaintiff ibuprofen and an allergy pill. Id. Plaintiff refused the ibuprofen and took the allergy pill even though he never complained of allergies. Id.

Plaintiff seeks $75,000 in damages for medical negligence, ordinary negligence, mental anguish, pain and suffering (Doc. 1 at 7). He also seeks punitive damages and other unspecified monetary damages. Id. He bases his claims on the Fifth and Fourteenth Amendments to the United States Constitution.[1] Id. at 5.

---

[1] It is unclear from the pleadings whether Plaintiff was a prisoner or a pre-trial detainee at the Jail at the time of the incident about which he complains. If Plaintiff was a pre-trial detainee, his cruel and unusual punishment claims sound properly in the Fourteenth Amendment right to due process of law rather

## II. <u>Legal Standards</u>

A federal district court is required to review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>     (A)    the allegation of poverty is untrue; or
>
>     (B)    the action or appeal–
>
>         (i)    is frivolous or malicious;
>
>         (ii)    fails to state a claim on which relief may be granted; or
>
>         (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

---

than in the Eighth Amendment. <u>See</u> <u>Lancaster v. Monroe County, Alabama</u>, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997). Nevertheless, allegations of cruel and unusual punishment are analyzed in identical fashions regardless of whether they arise under the Due Process Clause or the Cruel and Unusual Punishment Clause of the United States Constitution. <u>Taylor v. Adams</u>, 221 F.3d 1254, 1257 n.3 (11th Cir. 2000).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327. In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

### III. Analysis

Title 42 U.S.C. § 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. To articulate a claim under § 1983, a plaintiff must allege that: (1) a defendant deprived him of a right secured under the Constitution or federal law; and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). In addition, where a plaintiff seeks to impose liability on one who is not an active participant in the alleged constitutional deprivation, that plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Williams v. Bennett, 689 F.2d 1370, 1380–1381 (11th Cir. 1982).

It is clear that, in his official capacity as the Sheriff of Collier County, Defendant Rambosk is a state actor. There is also no question that the right of which Plaintiff alleges he has been deprived—the right to safe conditions and medical treatment while confined by the Collier County Sheriff's Department—is encompassed within the "liberty" protected by the Fourteenth Amendment's Due Process Clause. See Ingraham v. Wright, 430 U.S. 651, 673 (1977) (personal security is a "liberty" interest protected by the Due Process Clause). The only remaining question is whether Defendant Rambosk engaged in unconstitutional conduct that deprived Plaintiff of this right. This Court concludes that he did not.

**A. Plaintiff's negligence claim is not properly brought under 42 U.S.C. § 1983**

The gravamen of Plaintiff's complaint is that Defendant Sheriff Rambosk at the Naples Jail Center negligently failed to shut down the portion of the jail in which bunks were being repaired, resulting in the inmates being required to breathe unpleasant fumes that resulted from the welding process. Plaintiff also asserts that the jail's nurse was negligent for failing to offer him a more extensive exam after he complained of chest pains. Notably, Plaintiff does not assert that he suffered damage other than discomfort from either instance of negligence.

Section 1983 cannot be used as a tool to bring a generalized negligence-based tort suit in federal court. Instead, it remedies errors of constitutional dimensions. In order to state an Eighth

Amendment prisoner conditions suit relating to the welding, Plaintiff would have to show: (1) that the alleged failure to properly exhaust the welding fumes was, "objectively, sufficiently serious" and resulted "in the denial of the minimal civilized measure of life's necessities," and (2) that officials charged with performing the welding were deliberately indifferent to "an excessive risk to inmate health or safety[.]" Farmer v. Brennan, 511 U.S. 825, 834, (1994).  A constitutional violation of the type most analogous to Plaintiff's claim would require considerably more than the mere negligence alleged here. See Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007) (noting that the subjective component of the deliberate indifference test requires more than even gross negligence). Instead, Plaintiff must show that an "official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837.

Likewise, not every claim by a prisoner that he received inadequate medical treatment states a violation of the Eight Amendment. Estelle v. Gamble, 429 U.S. 97, 105 (1976). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106. "In order to state a cognizable claim, a prisoner must allege acts or omissions

- 6 -

sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." Id.

Here, Plaintiff has not alleged any facts indicating that Sheriff Rambosk knew that the welding would cause unpleasant fumes that resulted in Plaintiff experiencing chest pains and then callously and deliberately chose to disregard that risk. Rather, Plaintiff claims only that the inmates should have been evacuated until the smell dissipated. Consequently, Plaintiff's negligence-based claim based upon the Naples Jail's failure to evacuate after welding fails as a matter of law. See Daniels v. Williams, 474 U.S. 327 (1986) (prison official's negligence in failing to protect inmate from harm does not give rise to a cause of action under § 1983); Taylor v. Adams, 221 F.3d 1254, 1259 (11th Cir. 2000) ("[F]ailure to follow procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence.").

Plaintiff's medical claim fares no better. He has not alleged that the jail nurse knew that Plaintiff was in serious need of medical care, but refused to provide medical treatment. See Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989) (noting that "knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference"). Indeed,

Plaintiff has not even alleged that he <u>was</u> in need of serious medical care or that the nurse was anything other than merely disagreeable when he went to see her. Accordingly, Plaintiff's negligence claims are dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Plaintiff has not stated a claim for respondeat superior liability under 42 U.S.C. § 1983

Plaintiff makes no specific allegations against Defendant Rambosk in the body of his complaint. Indeed, even a liberal reading of the complaint indicates that the Sheriff did not personally participate in any alleged wrongdoing. To the extent Plaintiff urges that the Sheriff is liable under § 1983 for the negligence or deliberate indifference of the staff members of the Naples Jail under a theory of supervisory liability, he does not state a claim. It is well established in the Eleventh Circuit that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." <u>Hartley v. Parnell</u>, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 & 694 n.58 (1978). Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of respondeat superior. <u>See</u> <u>Kruger v. Jenne</u>, 164 F. Supp. 2d 1330, 1333–34 (S.D. Fla. 2000) (citing <u>Powell v. Shopco Laurel, Co.</u>, 678 F.2d 504 (4th Cir. 1982)) (explaining that [supervisor]

who provided medical care for state inmates could not be sued under § 1983 on respondeat superior theory). Instead, supervisory liability under § 1983 occurs when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional violation. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Although Monell liability can be predicated upon the Sheriff's Office having an official policy or custom that caused the violation of the plaintiff's rights,[2] Plaintiff does not allege that a faulty policy or regulation led the welding fumes or to the nurse's inadequate examination.

Because they are based solely upon a theory of respondeat superior, and because Plaintiff does not allege a sufficient causal connection between Defendant Rambosk and the welding fumes or the alleged inadequate medical treatment afterwards, Plaintiff's claims against Defendant Rambosk are due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. Conclusion

Plaintiff's 42 U.S.C. § 1983 complaint fails to state a claim on which relief can be granted. Section 1983 cannot be used as a

---

[2] See Connick v. Thompson, 563 U.S. 51, 60-61 (2011) ("Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury.") (quoting Monell, 436 U.S. at 691).

<p>

tool to bring a generalized negligence-based tort suit in federal court. In addition, Plaintiff has not stated a claim for supervisory liability. The Court notes that the dismissal is <u>without prejudice</u> to Plaintiff raising his negligence-based claims in state court.[3] Accordingly, it is now **ORDERED:**

1. Plaintiff's claims are dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The complaint is **DISMISSED** without prejudice to Plaintiff filing his negligence-based tort claims in state court.

3. The **Clerk of the Court** is directed to terminate all pending motions, close this case, and enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida on this   28th   day of October, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: David Daniels

---

[3] The Court takes no position on the timeliness or the merits of Plaintiff's state law claims or his likelihood of success in state court.